## WEHR v STEPHENS

Ohio Appeals, 7th Dist, Monroe Co
Decided Nov 27, 1929

Strain & Mozena, Clarington, and R. F. Sears, Woodsfield, for Wehr.

Matz & Matz, Woodsfield, for Stephens.

ROBERTS, J.

This cause came on for trial in the Court of Common Pleas, resulting in a verdict and judgment for the defendant as aforesaid. No issue is made in this action concerning the proposition as to whether or not the plaintiff was indebted to Dailey in said Justice' case, but it is claimed that the proceedings in that case were defective, irregular and void, and that the constable thereby acquired no right or power to sell said automobile, and that it was wrongfully sold by him.

It is further contended by the plaintiff that the automobile was exempt by reason of the fact, as claimed by him, that he used it in the manner of a truck in the prosecution of his business essentially, and not as a pleasure car, and that he was entitled to it as an exemption in lieu of a homestead.

The proceedings before the Justice of the Peace in the case of Dailey against the plaintiff were, therefore, brought in question. There was introduced in evidence as Plaintiff's Exhibit C, what purports to be a copy or transcript of the docket of the Justice in this case. The record made by the Justice is evidently incomplete, is very vague and difficulty is encountered in determining what the proceedings in that case really were.

It indicates primarily the filing of a bill of particulars by Dailey, and an affidavit presumably intended to be an affidavit for attachment, but states no statutory ground for attachment. Neither was any bond given for the attachment. It is conceded that Wehr was a resident of the township and of the county, and it would seem to follow that the attachment was not intended for such ground as where a bond was not necessary.

It is stated in the transcript that an order of attachment was issued in this case Aug. 31, 1928; subpoenas were issued on Sept. 5th, and on that date, the parties appeared and trial was had, and judgment rendered.

It is further stated in the transcript that an order of sale for the attached property issued Aug. 31st, or five days before the the judgment was rendered.

The evidence further indicates that the following entry appears upon the docket:-

"Have requested the plaintiff to file an additional security for costs, with which he has failed to comply. I hereby render judgment against him on the 1st day of October at 1 o'clock P. M."

The plaintiff attempted to prove by the Justice of the Peace as a witness, that he withdrew or set aside the order of sale previous to the sale of the property. The following signed statement by the Justice was offered in evidence:-

"C. D. Wehr. It seems that I failed to copy the order to the constable not to sell the property. It was given just about the time for sale by phone, and, to carry the judgment in to execution. if necessary, will certify that it was given.

S. W. Danford."

And also, the following was offered:-
"Charles Dailey v. C. D. Wehr. Oct. 1, 1928.

I hereby discharge the attachment on property attached in the above entitled case.

S. W. Danford, J. P."

This, it is understood, was claimed to have been a journal entry which, as indicated by the Justice, he had unintentionally omitted to record upon his docket.

The Justice was called as a witness by the plaintiff, and the trial court uniformly sustained objections to all attempts to elicit testimony from the Justice concerning these matters, and any attempt on the part of the Justice to correct his docket.

It is indicated by the testimony that the docket itself, which is not in evidence, contained changes, erasures, and other matters probalby essential to a more complete understanding of what the record of the case should have been, and what actually took place previous to, during and after the trial.

In view of the circumstances, we think the Justice of the Peace should have been permitted to explain his docket, his docket entries, and correct mistakes and irregularities therein to conform to the actual facts. If, as indicated by the docket, the order of sale antedated the entry of the judgment, the Justice of the Peace was not authorized to so issue and deliver to the constable the order of sale.

It is not claimed that any order of sale or execution was issued after the judgment. The Justice of the Peace had a right to correct his docket, and if satisfied that a writ irregularly or improperly issued to recall and set aside the same. Exhibits A and B indicated that he did withdraw the order of sale, or attempted to so do, and notified the constable of such fact. The constable, with such notice and order, was not authorized to proceed with the sale.

Under the provisions of 11738 GC a passenger automobile may not be selected as an exemption in lieu of a homestead. This section was construed by a case reported in 11 Am. Bankruptcy Reps. N. S., page 127, affirmed by Judge Hough of the U. S. District Court, Southern District of Ohio.

The syllabus in this case reads as follows:-

"Under the Ohio statute, General Code of Ohio, 11738, allowing an exemption of $500 in lieu of a homestead, but providing that no passenger automobile shall be selected as exempt, the term passenger automobile does not refer to physical attributes of the car, but to the acts and purposes to which it is principally devoted, and if the evidence is clear and convincing that the automobile is essential to the business of the bankrupt, and is principally

so used by him that he is entitled to claim it as exempt provided that it is not appraised for more than $500."

The automobile in the instant case was appraised at $55. We recognize this decision and others of similar import as a proper construction of 11738 GC and if the automobile in question is sufficiently indicated by the testimony to have been used in the nature of a truck, or principally for business purposes as distinguished from the use of an automobile merely for pleasure, that it was subject to exemption.

The testimony of the plaintiff is quite positive upon this proposition, and to the effect that he was engaged in farming in a small way, in the buying of stock, and in transporting goods, and that his principal means of livelihood was exercised in the use of this automobile, and was essential to the support of his family.

The weight of this testimony is perhaps minimized to some extent by testimony introduced by defendant as to the extent and manner of the use of the automobile. However, there was substantial competent testimony on the part of the plaintiff tending to substantiate the nature of the use of his car, as being such as to properly constitute it an exemption when claimed as such, irrespective of the issues as to whether or not the constable, by reason of the irregularities and defects in the proceedings, had a right to retain and hold this automobile.

Upon the issues concerning the manner of its use, it was the duty of the court to have submitted this proposition to the jury for its determination. The Court, in instructing the jury, said:-

"The court instructs you that the automobile was not exempt from sale upon the attachment, and that the plaintiff, under the law, could not claim it as exempt."

This instruction was erroneously prejudicial.

Again, on the same page, the court says:-

"If you find that there was an order of attachment issued to the constable, the defendant herein, and there was also an order of sale issued to him by the Justice, then, your verdict should be for the defendant."

This instruction was likewise erroneous.

The court further said:-

"If the Justice issued an order of attachment on an affidavit that was not sufficient, the Justice himself is liable, and not the constable."

Whether this was true or not depended upon the facts and conditions not submitted by the court to the jury, and was misleading.

Likewise objectionable is the following:-

"The docket has been introduced in evidence, and you will take it as setting forth the truth as to any matter contained therein.

If you find from an examination of this record that there was an order of sale issued by the Justice to the constable, then, the constable would be warranted in selling any personal property of the plaintiff that was not exempt from execution."

As before suggested, from the docket as introduced, much is left uncertain and unknown concerning what took place in the case before the Justice.

The trial court did not permit testimony which presumably would have been enlightening upon this subject; did not permit the introduction of evidence tending to show such conduct as would indicate that no order of sale was outstanding at the time the property was sold, and further, the case was erroneously and prejudicially to the rights of the plaintiff submitted by the court to the jury. The judgment of the Court of Common Pleas is, therefore, reversed.

Pollock and Farr, JJ, concur.